UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LORI A. COLWELL, | Case No. 2:15-CV-782 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CAROLYN W. COLVIN, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 23). Defendant Commissioner of the Social Security Administration filed an objection (ECF No. 24), to which plaintiff Lori Colwell responded (ECF No. 25).

Also before the court is plaintiff's motion for judgment on the pleadings. (ECF No. 20). Defendant filed a response (ECF No. 22). Plaintiff did not file a reply, and the time for doing so has since passed.

Also before the court is defendant's cross-motion to affirm. (ECF No. 21). Plaintiff has not filed a response, and the time for doing so has since passed.

**I.     Background**

The parties do not object to the extensive factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the

**James C. Mahan**
**U.S. District Judge**

court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III. Discussion

Magistrate Judge Foley's R&R holds that the administrative law judge ("ALJ") erred when evaluating and weighing the medical opinions of numerous treating and non-treating physicians in this case. (ECF No. 23). The R&R also holds that the ALJ erred in discrediting plaintiff's testimony regarding her limitations. *Id.* The R&R recommends that the court remand this case with instructions to award benefits. *Id.*

Defendant does not specifically object to Magistrate Judge Foley's holding that the ALJ erred when evaluating the opinions of the doctors and discrediting plaintiff's testimony. (ECF No. 24). Instead, defendant objects to Magistrate Judge Foley's prescribed remedy of a remand solely for benefits. *Id.* Defendant argues that "conflicts, ambiguities, and serious doubt remain as to whether plaintiff is in fact disabled," which makes a remand for further proceedings the appropriate remedy. *Id.* at 10.

Plaintiff responds that Magistrate Judge Foley's recommended remedy is appropriate in this case. (ECF No. 25). Plaintiff asserts that the record does not contain sufficient conflicts or ambiguities so as to render further proceedings useful. *Id.* Plaintiff further argues that if plaintiff's improperly discredited testimony were credited as true, the ALJ would be required to award benefits. *Id.* Plaintiff therefore contends that a remand solely for benefits is the appropriate remedy. *Id.*

The parties do not contest Magistrate Judge Foley's holding that the ALJ failed to provide legally sufficient reasons for rejecting evidence. After reviewing the record and underlying briefs,

**James C. Mahan**
**U.S. District Judge**

- 2 -

the court agrees that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion of Dr. Barone and for rejecting plaintiff's testimony. The court will therefore consider the appropriate remedy.

In Social Security cases, the "ordinary 'remand' rule" applies when a reviewing court holds that an administrative law judge erred in denying benefits and the error was not harmless. *See, e.g., Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (recognizing that harmless error principles apply in Social Security Act cases); *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (noting that an erroneous decision to deny benefits can require reversal); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044 (9th Cir. 2007) (discussing the ordinary remand rule). Under the ordinary remand rule, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

Pursuant to 42 U.S.C. § 405(g), courts may "reverse or modify an administrative decision without remanding the case for further proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). "Without this additional authority, a district court could not remand a case for immediate payment of benefits in connection with a reversal of the Commissioner's denial of benefits but could only remand the case for rehearing." *Id.* The exercise of such authority is discretionary. *Id.*

The Ninth Circuit applies a three-part credit-as-true rule, also known as the *Varney* rule, when considering whether a remand solely for benefits is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-1102 (9th Cir. 2014) (citing *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988)). The claimant must establish: first, that the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether medical opinion or claimant testimony; second, that the record has been fully developed and further administrative proceedings would serve no useful purpose; and third, whether if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See id.* at 1100–01 (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

If a claimant establishes the presence of all three elements of the *Varney* rule, the reviewing court may remand for an award of benefits. *Id.* at 1101. Nonetheless, the reviewing court retains flexibility in determining the appropriate remedy. *Id.* at 1107 (citing *Garrison*, 759 F.3d at 1021); *see Harman*, 211 F.3d at 1178 (noting the discretionary nature of § 405(g)).

Here, a remand solely for benefits is inappropriate because plaintiff has not demonstrated that the record has been fully developed and that further administrative proceedings would serve no useful purpose. *See Treichler*, 775 F.3d 1100.

Defendant's objection to the report and recommendation notes several evidentiary questions that remain unresolved after reviewing the record of administrative proceedings. Dr. Barone recommended that plaintiff pursue physical therapy. However, there are no treatment records in the administrative record. Dr. Barone completed a Multiple Impairment Questionnaire in September 2012, and noted that he had last examined plaintiff in August 2012. However, there are no notes or other evidence of an August examination in the record.

The court notes that evidence of these events (or lack thereof) may not exist. However, the district court's role at this stage in proceedings is to determine whether the record has been fully developed such that further administrative proceedings would serve no purpose. *See Treichler*, 775 F.3d 1100. That is not the case here.

In addition to the evidentiary gaps referenced above, the medical opinions in this case demonstrate evidentiary inconsistencies as to the seriousness of plaintiff's physical and emotional disabilities.

As far as plaintiff's physical disabilities, the opinions and testimony in this case do not paint a uniform picture as to plaintiff's physical capacity. Plaintiff asserted in her testimony that she has significant trouble with mobility and experiences pain even while on medications. She also noted side effects from the medications. Dr. Barone's medical examinations and 2012 Multiple Impairment Questionnaire support plaintiff's assertions. However, Dr. Brislin noted that plaintiff's subjective pain representations did not match clinical assessments of her strength and range of motion. Further, Dr. DeCarlo's notes from his disability examination suggest normal leg strength but potentially disabling physical conditions, such as fibromyalgia, bulging disks of the

lumbar spine, hypertension, hyperlipidemia, and gastroesophageal reflux disease. Furthermore, Dr. Barone's notes state that plaintiff was prescribed MS Contin, Oxycodone, Endocet, Fiorinol, and Klonopin and that she had no significant side effects from the medications, which casts doubt upon the veracity of her testimony.

As far as plaintiff's emotional disabilities, Dr. Barone and Dr. Vlad apparently reached contrary opinions. Dr. Barone noted in early reports that plaintiff complained of anxiety and stress, and Dr. DeCarlo noted that plaintiff suggested that she was depressed and had difficulty concentrating. However, neurological examinations conducted by Dr. Vlad showed plaintiff's mood, memory, affect, and judgment as normal. Dr. Vlad's examination also runs contrary to testimony of plaintiff and her fiancé, who stated that plaintiff suffers from disabling emotional disorders.

The record also contains inconsistencies as to plaintiff's ability to obtain gainful employment given her physical and emotional limitations. Dr. Barone opined on March 9, 2012, that plaintiff was unable to obtain gainful employment whatsoever. In a Multiple Impact Questionnaire dated September 15, 2012, Dr. Barone stated that in an eight-hour day plaintiff could sit for no more than one hour, and could stand or walk for less than an hour. Barone noted that plaintiff could lift 0-5 pounds frequently and 10-20 pounds occasionally. Barone asserted that plaintiff would be moderately limited when using her upper extremities, manipulating objects with her fingers and hands, and reaching with her arms. Barone noted environmental limitations, including the need to avoid noise, gases, fumes, temperature extremes, and heights.

Dr. DeCarlo noted in his "Medical Source Statement of Claimant's Ability to Perform Work Related Activities" that plaintiff could stand or walk for an hour or less and could sit for up to an hour during the course of an eight-hour day. DeCarlo stated that plaintiff could occasionally bend, kneel, stoop, crouch, balance, and climb. DeCarlo noted no limitations on plaintiff's ability to reach, handle, finger, feel, see, hear, speak, taste, or smell, and noted no issues related to incontinence. DeCarlo found no environmental limitations.

In contrast, Dr. Smith provided a residual functional capacity assessment based on a review of the medical records. Smith opined that plaintiff could carry 10 pounds frequently and 20 pounds

occasionally, and could stand and/or walk for up to six hours and sit for up to six hours in an eight-hour workday. Smith noted that plaintiff should avoid concentrated exposure to extreme temperatures, wetness, and humidity, and fumes, odors, dusts, gases, and poor ventilation.

The inconsistencies discussed above demonstrate that a remand solely for benefits would be inappropriate in this instance. Here, additional "[a]dministrative proceedings are [appropriate as] the record has not been fully developed, there is a need to resolve conflicts and ambiguities, [and] the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler*, 775 F.3d at 1101 (internal citations, quotations, and ellipses omitted).

Given the court's holding, the court need not address plaintiff's argument that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Treichler*, 775 F.3d at 1107 ("Because further administrative proceedings are necessary, Treichler has failed to satisfy the second step of the *Varney* rule. Accordingly, we do not reach the third step of the rule, which arises where the record is fully developed and free from conflicts, making it clear that the ALJ would be required to find the claimant disabled if he credited the claimant's testimony as true.").

**IV. Conclusion**

Magistrate Judge Foley held that the ALJ erred when weighing the medical opinions in this case and when discounting plaintiff's testimony. Defendant has not challenged this holding. However, remand solely for an award of benefits is inappropriate in this case, as the evidence presented to the ALJ was potentially incomplete and contained conflicting opinions on plaintiff's residual functional capacity and ability to obtain employment. Therefore, a remand for further administrative proceedings is appropriate in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Foley's R&R (ECF No. 23) be, and the same hereby is, ADOPTED in part and REJECTED in part, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings (ECF No. 20) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's cross-motion to affirm (ECF No. 21) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this case be remanded to the Social Security Administration for further proceedings.

DATED May 1, 2018.

_____
UNITED STATES DISTRICT JUDGE